Schuyler G. Carroll (SC-0100)
Daniel C. Savitt (DS-8559)
John T. Vaughan (JV-7713)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Joseph Myers, as Creditor Trustee
of the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                                           Chapter 11

IN RE BLACKWOOD, INC., et al.,                                  Case No. 02-12093 (REG)

    Debtors.                                                    (Jointly Administered)

-----------------------------------------------------------x
Joseph Myers, as Creditor Trustee of
Blackwood, Inc., et al.,

                Plaintiff,

        v.                                                    Adv. Pro. No.

J. T. Magen & Company, Inc., and John Does 1-
20,

    Defendants.
-------------------------------------------------------x

# COMPLAINT

Joseph Myers, as Creditor Trustee (the "Creditor Trustee") of Blackwood, Inc. and

Blackwood Trading, LLC (collectively, the "Debtors") by his attorneys, Arent Fox PLLC,

complaining of defendant J. T. Magen & Company, Inc. (the "Defendant") and John Does 1

through 20, alleges as follows:

NYC/139243.1

## NATURE OF THIS ACTION

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 to set aside and recover certain preferential and/or fraudulent and/or post-petition transfers by the Debtors to the Defendant.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding has been referred to the Court pursuant to 28 U.S.C. § 157(a) and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.) dated July 10, 1984.

4. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(F).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this District.

## PARTIES

6. Prior to the Petition Date, the Debtors were in the business of providing stock trading services primarily for day traders. Thereafter, these operations were terminated and the Debtors shifted their business to that of electronic trading in securities. The Debtors marketed and sold their proprietary software primarily to brokerages and institutional investment firms engaged in the trading of securities.

7. On April 30, 2002 (the "Filing Date"), Blackwood Inc. filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

8. Prior to Blackwood Inc.'s Chapter 11 filing, several affiliates and subsidiaries, including Blackwood Trading LLC, 40 Wall Trading and Blackwood Securities were merged into and consolidated with Blackwood Inc. Prior to the Filing Date, these businesses and operations were consolidated with Blackwood Inc's.

9. In order to ensure creditors did not attempt to circumvent the automatic stay, Blackwood Trading, LLC filed a voluntary petition under the Bankruptcy Code on June 18, 2002.

10. On July 1, 2002, the Court entered an order granting the Debtors' motion for joint administration. Since then, the bankruptcy cases have been jointly administered under Blackwood, Inc.'s case number 02-12093.

11. The Debtors continued with the management of their affairs and the operation of their business and property as a debtor-in-possession pursuant to § 1107 and § 1108 of the Bankruptcy Code until the Summer 2003 when the Court approved the retention of a financial advisor and chief restructuring officer on the application of the Official Committee of Unsecured Creditors (the "Committee").

12. On December 17, 2003, the Court confirmed the Committee's Second Amended Liquidating Plan of Reorganization (the "Liquidating Plan") and also approved the sale of the Debtors' assets. The Plan specifically provides for substantive consolidation of the Debtors.

13. Upon confirmation of the Liquidating Plan, Joseph Myers was appointed as Creditor Trustee of the Debtors and immediately sought to take control of the Debtors' remaining assets and gather all information available about the Debtors' financial affairs.

14. Upon information and belief, Defendant is a New York corporation with its principal place of business located at 44 West 28th Street, 11th Floor, New York, New York 10001.

15. Upon information and belief, Defendants John Does 1 through 20 are subcontractors of Defendant J.T. Magen who performed some portion of Magen's contractual obligations under that certain Construction Contract between the Debtors and J.T. Magen in connection with the Debtors' tenant improvements to its former offices located at the entire 29th and 30th floors of 40 Wall Street, New York, New York. For the purposes of this Complaint, J.T. Magen and the John Doe subcontractors shall be referred to collectively as the Transferees.

### FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers)**

16. The Creditor Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 15 above, as if fully set forth herein.

17. The Creditor Trustee seeks to recover all transfers made to the Transferees, which are avoidable pursuant to 11 U.S.C. § 547(b).

18. Upon information and belief, between January 30, 2002 and April 30, 2002, the Debtors made transfers set forth in Exhibit A (the "Transfers") to Defendant.

19. Upon information and belief, Defendant made payments to the other Transferees.

20. The Transfers were made to the Transferees within ninety (90) days prior to the Filing Date.

21. Upon information and belief, the Transfers were made to or for the benefit of the Transferees on account of antecedent debts owed by the Debtors to Defendant.

22. The Debtors were insolvent at the time the Transfers were made.

23. The Transfers enabled the Transferees to receive more than they would have otherwise received: (a) in a case under Chapter 7 of the Bankruptcy Code, (b) if the Transfers had not been made and (c) if the Transferees received payment to the extent provided by the provisions of the Bankruptcy Code.

24. By reason of the foregoing, the Transfers are voidable and recoverable under 11 U.S.C. §§ 547(b) and 550.

25. By reason of the foregoing, the Creditor Trustee is entitled (i) to a judgment setting aside the Transfers and (ii) to recover the sum total of the Transfers as set forth in Exhibit A plus interest and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Avoidance of Fraudulent Transfers)**

26. The Creditor Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 25 above, as if fully set forth herein.

27. The Creditor Trustee seeks to recover all transfers made to the Transferees, which are avoidable pursuant to 11 U.S.C. § 548.

28. The Debtors received less than a reasonably equivalent value in exchange for the Transfer(s); and the Debtors

   (a) were insolvent on the date that the Transfer(s) were made or became insolvent as a result of the Transfer(s); or

   (b) were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

   (c) intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

29. By reason of the foregoing, the Transfers are voidable and recoverable under 11 U.S.C. §§ 548(a)(1)(B) and 550.

30. By reason of the foregoing, the Creditor Trustee are entitled (a) to a judgment setting aside the Transfers and (b) to recover the sum total of the Transfers set forth in Exhibit A plus interest and attorneys' fees.

### THIRD CLAIM FOR RELIEF
**(Avoidance of Post-Petition Transfers)**

31. The Creditor Trustee repeats and reallages the allegations contained in Paragraphs 1 through 30.

32. The Creditor Trustee seeks to recover all unauthorized transfers made to the defendant, which are avoidable pursuant to 11 U.S.C. § 549.

33. Upon information and belief, the Debtors made transfers to Transferees after the Filing Date.

34. Upon information and belief, said transfers were not authorized under Sections 303(f) or 542(c) of the Bankruptcy Code, by the Bankruptcy Code in general, or by the Court.

35. By reason of the foregoing, any and all post-petition transfers are voidable and recoverable by the Creditor Trustee under 11 U.S.C. §§ 549(a) and 550.

36. Accordingly, the Creditor Trustee is entitled to (i) a judgment setting aside the post-petition transfers, and (ii) to recover the sum total of the post-petition transfers plus interest and attorneys' fees.

### CONCLUSION

**WHEREFORE**, the Creditor Trustee demands judgment against each of the Transferees, as follows:

(a)   setting aside transfers pursuant to 11 U.S.C. § 547(b), 548, 549 and 550

    and compelling the Transferees to pay to the Creditor Trustee the sum total of Transfers set forth in Exhibit A plus interest from the date of the transfers;

(b) awarding the Creditor Trustee attorneys' fees;

(c) awarding the Creditor Trustee the costs and disbursements of this adversary proceeding; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 29, 2004

             ARENT FOX PLLC
             Attorneys for the Creditor Trustee

             By: */s/ Schuyler Carroll*
             Schuyler G. Carroll (SC-0100)
             Daniel C. Savitt (DS-8559)
             John T. Vaughan (JV-7713)
             1675 Broadway
             New York, New York 10019
             (212) 484-3900

# Exhibit A

| Payee | Check Date | Check Cleared | Check # | Total |
|---|---|---|---|---|
| J. T. Magen & Company | 01/29/02 | 01/30/02 | 10515 | $ 55,617.56 |
| J. T. Magen & Company | 03/01/02 | 03/04/02 | 10578 | $ 57,286.09 |
| J. T. Magen & Company | 01/29/02 | 01/30/02 | 40153 | $ 1,390.44 |
| Total | | | | $ 114,294.09 |